UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x

| | |
|---|---|
| ANGELICA JUNE MARTINEZ, Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | 25-CV-6511 (Reyes, J.) (Marutollo, M.J.) |
| DO & CO NEW YORK CATERING, INC., *et al.*, Defendants. | |

---------------------------------------------------------------------x

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

*Pro se* Plaintiff Angelica June Martinez brings this action against Defendants DO & CO New York Catering, Inc., Rafaela Ramirez, and Michael Eckmann (collectively "Defendants"), raising employment discrimination claims pursuant to Title VII of the Civil Rights Act of 1964. *See* Dkt. No. 1.

Presently before the Court, on a referral from the Honorable Ramón E. Reyes, Jr., U.S. District Judge, is Defendants' motion to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 24; Text Order, dated July 8, 2026. For the reasons set forth below, the undersigned respectfully recommends that (1) Defendants' motion to dismiss for failure to prosecute at Dkt. No. 24 be granted in part and this action be dismissed without prejudice; and (2) Defendants' motion to dismiss at Dkt. No. 8 be denied as moot.

## I. Relevant Background

Plaintiff commenced this action on November 25, 2025. *See* Dkt. No. 1. Plaintiff paid the filing fee (Dkt. No. 2), and summonses were returned executed on March 5, 2026. Dkt. No. 5. On March 17, 2026, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to timely serve process and Federal Rule of Civil Procedure 12(b)(6)

for failure to state a claim. Dkt. No. 8. Defendants served the motion to dismiss on Plaintiff via FedEx. Dkt. No. 8-2. The motion to dismiss remains pending.

On March 18, 2026, the undersigned scheduled a telephonic initial conference for April 16, 2026, and directed the parties to complete and file their proposed Discovery Plan and Scheduling Order by April 9, 2026. Dkt. No. 11. On March 30, 2026, Defendants' counsel emailed Plaintiff (marti88999@gmail.com) and also mailed Plaintiff via FedEx a partially completed Discovery Plan and Schedule, a copy of the Court's March 18, 2026 scheduling order, and an invitation to contact Defendants' counsel. Dkt. No. 12-1. Having received no response, on April 7, 2026, Defendants filed their portion of the proposed Discovery Plan and Scheduling Order, along with a copy of the email and letter correspondence with Plaintiff, and a certificate of service. Dkt. No. 12.

The undersigned directed Plaintiff to respond to Defendants' proposed Discovery Plan and Scheduling Order by April 13, 2026, and warned Plaintiff that failure to comply may result in a report and recommendation that the action be dismissed due to Plaintiff's failure to prosecute. Text Order, dated Apr. 8, 2026. The Clerk of Court mailed a copy of the April 8, 2026 Text Order to Plaintiff.

Plaintiff failed to comply with the Court's Order by April 13, 2026. The following day, the undersigned directed Plaintiff to show cause by April 20, 2026 as to why this action should not be dismissed due to Plaintiff's failure to prosecute, which the Clerk of Court mailed to Plaintiff. Order to Show Cause, dated Apr. 14, 2026. No such document was filed. Minute Entry, dated Apr. 21, 2026.

Notwithstanding Plaintiff's non-compliance with the above order, Plaintiff appeared at the April 21, 2026 initial conference along with Defendants. *Id.* The Court addressed the Order to

Show Cause issued on April 14, 2026, and issued no sanctions at that time. *Id*. Plaintiff was, again, warned that failing to comply with Court-ordered deadlines in the future may result in sanctions. *Id*. The undersigned extended Plaintiff's deadline to respond to Defendants' motion to dismiss until April 24, 2026, and extended Defendants' deadline to reply until April 30, 2026. *Id*. The Court stayed discovery pending the outcome of dispositive motion practice. *Id.* Defendants were also directed to file a joint status report by May 15, 2026 regarding whether the parties would be interested in a settlement conference. *Id*. Defendants served a copy of this Minute Entry on Plaintiff via email. Dkt. No. 14.

On May 15, 2026, Defendants filed a letter stating that Defendants were not interested in a settlement conference. Dkt. No. 15. In this letter, Defendants informed the Court that Plaintiff has continued to violate the Court's orders, Plaintiff has not responded to Defendants' motion to dismiss despite the deadline expiring three weeks prior, and that Plaintiff has "refused" to review the draft joint status report. *Id*. Defendants requested that the Court dismiss the case without prejudice. *Id*. On May 18, 2026, the Court directed Plaintiff to show cause in writing why this action should not be dismissed for failure to prosecute. Text Order, dated May 18, 2026. Defendants served a copy of this Order on Plaintiff via FedEx and email. Dkt. Nos. 17, 18, 19.

On June 16, 2026, the Court entered the following order:

> On May 18, 2026, the Court directed Plaintiff to show cause in writing why this action should not be dismissed for failure to prosecute. No such document has been filed. On May 29, 2026, in light of Plaintiff's pro se status, the Court sua sponte extended the deadline for Plaintiff to show cause why this action should not be dismissed until June 8, 2026. The May 29, 2026 Text Order was served on pro se Plaintiff. Dkt. No. 20. No such document has been filed.
>
> By June 26, 2026, Plaintiff is given one final opportunity to show cause in writing why this action should not be dismissed for failure to prosecute. Failure to comply with this Order will likely result in a sua sponte report and recommendation that this action be dismissed for failure to prosecute. Defendants are directed to serve a

> copy of this Order on pro se Plaintiff via mail and email and file proof of service by June 17, 2026.

Text Order, dated Jun. 16, 2026. Defendant filed proof of service on Plaintiff on June 16, 2026. *See* Dkt. No. 21.

On June 18, 2026, the Court directed Defendants to file their motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure by July 10, 2026. Text Order, dated June 18, 2026. On July 2, 2026, Defendants filed the current motion. *See* Dkt. No. 24. On July 8, 2026, Judge Reyes referred the motion to dismiss at Dkt. No. 24 to the undersigned. Order Referring Motion, dated July 8, 2026. Plaintiff has not responded to Defendants' motions to date.

## II. <u>Discussion</u>

### A. Legal Standard

Federal Rule of Civil Procedure 41(b) provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *Martinez v. McMillan*, No. 25-CV-918 (ENV) (JAM), 2026 WL 318858, at *5 (E.D.N.Y. Feb. 6, 2026) (quoting Fed. R. Civ. P. 41(b)), *report and recommendation adopted*, Text Order, dated Feb. 23, 2026. The United States Court of Appeals for the Second Circuit has stated that a Rule 41(b) dismissal is a "'harsh remedy that should be utilized only in extreme situations,' especially so when dismissal is with prejudice or when a *pro se* litigant's claim is dismissed for failure to prosecute." *Id.* (first quoting *Mayanduenas v. Bigelow*, 849 F. App'x 308, 310 (2d Cir. 2021); and then citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court "considering a Rule 41(b) dismissal must weigh five factors." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Specifically, the district court must weigh the following:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Id.* (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is dispositive, and they apply regardless of whether plaintiff is represented by counsel or proceeding *pro se*." *Rob v. Von Horn*, 808 F. Supp. 3d 505, 528 (E.D.N.Y. 2025) (adopting report and recommendation) (internal quotation marks and citations omitted).

"For a *pro se* litigant, dismissal is reserved for 'circumstances [that] are sufficiently extreme.'" *Id.* (citations omitted). "Dismissal of a *pro se* litigant's action may be appropriate 'so long as a warning has been given that non-compliance can result in dismissal.'" *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citation omitted)); *see also Rob*, 808 F. Supp. 3d at 528 ("While the Second Circuit has cautioned that *pro se* plaintiffs should be granted special leniency regarding procedural matters, courts in this district have recognized that . . . even *pro se* litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." (citation omitted)).

**B. The *Baptiste* Analysis**

Here, all five of the *Baptiste* factors weigh in favor of dismissal.

As to the first *Baptiste* factor, which focuses on the duration of the failure to comply with Court orders, Plaintiff has not actually filed anything on the docket for nine months—since November 25, 2025—when the Complaint was filed. *See* Dkt. No. 1. But even assuming that Plaintiff's appearance at the April 21, 2026 initial conference is sufficient compliance with the Court's prior orders—which it is not, because Plaintiff still failed to respond to Defendants' March 17, 2026 motion to dismiss despite the Court's directive at the conference—the duration of non-

compliance is still four and a half months. In this Circuit, even a delay of a few months may warrant dismissal. *See, e.g.*, *Zappin v. Doyle*, 756 F. App'x 110, 112 (2d Cir. 2019) ("Case law . . . supports a conclusion that a 49-day delay could be significant and could weigh in favor of dismissal" for failure to prosecute under Fed. R. Civ. P. 41(b)); *Prophete v. N.Y.C Health & Hosps.*, No. 23-CV-11117 (RA), 2025 WL 315958, at *2 (S.D.N.Y. Jan. 28, 2025) (finding dismissal appropriate when Plaintiff had been unresponsive for three months); *Friedeberg v. N.Y. Post*, No. 25-CV-4052 (MKV), 2026 WL 1846735, at *3 (S.D.N.Y. June 25, 2026) ("[C]ourts within this Circuit have held that shorter periods than eight months of noncompliance or inaction supported dismissal." (citations omitted)); *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Fed. R. Civ. P. 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Toliver v. Okvist*, No. 10-CV-5354 (DAB) (JCF), 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (recommending dismissal of a case under Fed. R. Civ. P. 41(b), where the plaintiff's response to a court order was five weeks overdue), *report and recommendation adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015). Plaintiff's repeated failure to comply with Court orders serves as a basis to dismiss under Rule 41. *See Hickman v. Legal Aid Soc'y*, No. 19-CV-5294 (AT) (RWL), 2020 WL 4549207, at *3 n.2 (S.D.N.Y. June 26, 2020) ("Although Hickman's failure to respond to the Motion to Dismiss alone is not a basis for dismissal, his failure to respond to the Court's Order to Show Cause is a sufficient basis to dismiss for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure."), *report and recommendation adopted*, 2020 WL 4547224 (S.D.N.Y. Aug. 6, 2020).

Moreover, Plaintiff's *pro se* status does not excuse her noncompliance with Court orders. *See Agiwal*, 555 F.3d at 302 ("[A]ll litigants, including *pro ses*, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice." (internal quotation marks and citation omitted)); *Gibson v. City of New York*, No. 21-CV-4251 (GHW) (BCM), 2022 WL 3566493, at *2 (S.D.N.Y. Aug. 3, 2022) ("[L]ike all litigants, *pro se* parties 'have an obligation to comply with court orders. When they flout that obligation they . . . must suffer the consequences of their actions.'" (citation omitted)), *report and recommendation adopted*, 2022 WL 3549875 (S.D.N.Y. Aug. 18, 2022). Whether measured from Plaintiff's last activity in this action (nine months ago) or from Plaintiff's appearance at the initial conference (four and a half months ago), the duration of Plaintiff's failure to prosecute is significant. *See* Dkt. No. 1; Minute Entry, dated Apr. 21, 2026. Accordingly, the first factor weighs in favor of dismissal.

As to the second *Baptiste* factor, the Court warned Plaintiff at least four separate times that a failure to comply with Court orders could result in dismissal. *See, e.g.,* Text Order, dated Apr. 8, 2026 (warning Plaintiff that the failure to comply may result in a report and recommendation that the action be dismissed due to Plaintiff's failure to prosecute, which was served on Plaintiff by the Clerk of Court); Order to Show Cause, dated Apr. 14, 2026 (directing Plaintiff to show cause why this action should not be dismissed due to Plaintiff's failure to prosecute, which the Clerk of Court mailed to Plaintiff); Minute Entry, dated Apr. 21, 2026 (verbally warning Plaintiff at her appearance at the initial status conference that the failure to comply with Court-ordered deadlines in the future may result in sanctions); Text Order, dated May 18, 2026 (directing Plaintiff to show cause in writing why this action should not be dismissed for failure to prosecute); *see also* Dkt. Nos. 17, 18, 19 (Defendants serving the May 18, 2026 Text Order on Plaintiff via mail and

email); Text Order, dated June 16, 2026 (warning that the failure to comply with this order will likely result in a *sua sponte* report and recommendation that this action be dismissed for failure to prosecute); Dkt. No. 21 (Defendant filing proof of service by FedEx and email of the June 16, 2026 Text Order). These Court orders provided Plaintiff with explicit notice that failure to prosecute her action could result in sanctions, including a recommendation of dismissal. Defendant also served Plaintiff with a copy of their motion to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41(b). Dkt. No. 24. Such notices are sufficient to satisfy the second *Baptiste* factor. *See Hunter v. N.Y. State Dep't of Corr. Servs.,* 515 F. App'x 40, 43 (2d Cir. 2013) (finding that a "layperson would have been put on notice of the possibility of dismissal" upon receiving two notices that an action "could be dismissed for a failure to prosecute"); *see also Giles v. Toulsin*, No. 25-CV-3262 (AMD) (JMW), 2026 WL 2574408, at *2 (E.D.N.Y. Aug. 11, 2026) ("Given Plaintiff's *pro se* status, Defendants' counsel has been diligent in providing Plaintiff with ample notice by serving a copy of each Court Order and other filings . . . . Yet Plaintiff has failed to appear."), *report and recommendation adopted*, 2026 WL 2569623 (E.D.N.Y. Aug. 31, 2026).

As to the third *Baptiste* factor, Plaintiff's repeated failure to respond to Court orders permits the Court to presume as a matter of law that Defendants will be prejudiced by further delay. Plaintiff's failure to comply with orders for several months has caused an unreasonable delay. "Courts may presume such prejudice where, as here, [Plaintiff] has caused an 'unreasonable delay.'" *Wilson v. Doe 1-4*, No. 21-CV-5170 (RPK), 2022 WL 2065030, at *2 (E.D.N.Y. June 8, 2022) (citations omitted); *see also Caussade v. United States*, 293 F.R.D. 625, 630-31 (S.D.N.Y. 2013) ("Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." (citations omitted)); *Rob*, 808 F. Supp. 3d at 531 (holding that, "[w]ith respect to the third *Baptiste*

factor, Von Horn's failure to appear allows the Court to presume as a matter of law that defendant will be prejudiced by further delay" (citations omitted)).

The fourth *Baptiste* factor also favors dismissal because Plaintiff has been provided with myriad opportunities to respond but has been unresponsive to the Court for months. "[T]he Court must weigh the administrative burden placed on the Court's docket by stagnant cases . . . , with [Plaintiff]'s right to due process and fair chance to be heard." *Rob*, 808 F. Supp. 3d at 531 (citations omitted). "In making this determination, courts look at whether a litigant has been given an opportunity to be heard on the issue of failure to prosecute and compare that to, plaintiff's interest in prosecuting [his] case." *Id.* (internal quotation marks and citation omitted). Here, the Court repeatedly *sua sponte* extended the time for Plaintiff to respond to orders, and Plaintiff was served with each of these orders by mail and/or email. These extensions constitute ample opportunity for Plaintiff to be heard, and her non-responsiveness demonstrates a clear lack of interest in pursuing this case. *See Velt Corp. v. United States*, No. 19-CV-5463 (MKB) (ST), 2020 WL 8413513, at *3 (E.D.N.Y. Dec. 7, 2020) ("The Plaintiff has shown no interest in litigating this case as he has failed to move the case forward and has not so much as filed a status report since the matter's inception more than a year ago," which favors dismissal), *report and recommendation adopted*, 2020 WL 7639962 (E.D.N.Y. Dec. 23, 2020). Plaintiff's repeated, knowing refusal to respond to the Court's orders tips the balance in favor of dismissal, "alleviating the administrative burden and congestion that stagnant cases, such as this one, place on the Court's docket." *Rob*, 808 F. Supp. 3d at 531.

As to the final *Baptiste* factor, a lesser sanction would not be effective in forcing Plaintiff's compliance with Court orders. Courts in this Circuit have found that no sanction less than dismissal is warranted where the plaintiff has "effectively disappeared" and is no longer

communicating with the court, despite repeated orders to comply. *Velt Corp.*, 2020 WL 8413513, at *3; *see also Lewis v. Experian Info Sols., Inc.*, No. 23-CV-857 (AMD) (LKE), 2024 WL 4593424, at *3 (E.D.N.Y. Oct. 28, 2024) (explaining that a "lesser sanction is unlikely to remedy the prejudice resulting from [the plaintiff's] delay and failure to comply with court orders" (citation omitted)). Here, Plaintiff has had several months to respond to the Court's orders but has failed to do so. Accordingly, Plaintiff's lack of interest in this case shows that a lesser sanction is unlikely to have any effect. *See Rogers v. Villafane*, No. 12-CV-3042 (CBA) (MDG), 2013 WL 3863914, at *3 (E.D.N.Y. July 24, 2013) (adopting report and recommendation) ("There is no indication that a lesser sanction, such as a fine, would be effective, given the plaintiff's failure to take any action for several months to indicate an interest in pursuing this case.").

The Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of the evaluation of the five *Baptiste* factors above, Plaintiff's non-compliance warrants dismissal of the Complaint.

## III. <u>Dismissal Without Prejudice</u>

Defendants seek dismissal of this action with prejudice. Dkt. No. 24. "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Lyell*, 682 F.2d at 42 (quoting Fed. R. Civ. P. 41(b)). It is also clearly established within this Circuit that *pro se* litigants "should be granted special leniency regarding procedural matters" in the context of Federal Rule of Civil Procedure 41(b). *LeSane*, 239 F.3d at 209.

Notwithstanding Plaintiff's failure to prosecute this action, the undersigned respectfully recommends that Plaintiff's claims be dismissed *without* prejudice. *See Febrianti v. NYC Health & Hosps.*, No. 23-CV-6175 (JLR) (SDA), 2025 WL 2411982, at *4 (S.D.N.Y. Aug. 1, 2025),

*report and recommendation adopted*, 2025 WL 2411101 (S.D.N.Y. Aug. 20, 2025) (recommending dismissal without prejudice in light of the plaintiff's *pro se* status). Indeed, with respect to failure to prosecute motions against *pro se* plaintiffs, courts have found dismissal without prejudice to be "a less harsh[] and more appropriate[] sanction." *Campbell v. City of New York*, No. 21-CV-04056 (JLR), 2023 WL 2561510, at *2 (S.D.N.Y. Mar. 17, 2023); *see also Reynel v. Barnhart*, No. 01-CV-6482 (RLE), 2002 WL 2022429, at *1 (S.D.N.Y. Sept. 3, 2002) (concluding that a dismissal for failure to prosecute should be without prejudice "[g]iven the plaintiff's *pro se* status"). "Dismissal without prejudice adequately balances those interests in this case, by serving 'the district court's need to clear its calendar without unduly penalizing a *pro se* litigant for failing to comply with a scheduling order.'" *Wilson*, 2022 WL 2065030, at *2 (quoting *Thrall v. Cent. N.Y. Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010)).

Thus, the undersigned respectfully recommends that this action be dismissed without prejudice.

## IV. <u>Defendants' Motion to Dismiss at Dkt. No. 8</u>

On March 17, 2026, Defendants filed a motion to dismiss under Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 8. Plaintiff failed to oppose this motion.

In actions involving an unopposed motion to dismiss and a *pro se* plaintiff's failure to prosecute, courts within this Circuit have dismissed for failure to prosecute rather than for failure to state a claim. *See, e.g.*, *Alexander v. City of New York*, No. 24-CV-7765 (DG) (JAM), 2026 WL 2198668, at *10 (E.D.N.Y. July 30, 2026) (recommending dismissing the action without prejudice for failure to prosecute, and the original motion to dismiss for the Fed. R. Civ. P. 12(b)(6) and 41(b) be denied as moot in light of the first recommendation), *report and recommendation adopted*, Text Order, dated Aug. 21, 2026; *Quinones v. MTA NYC Transit Auth.*, No. 20-CV-10801 (LJL),

2021 WL 5854284, at *1-2 (S.D.N.Y. Dec. 9, 2021) (dismissing the *pro se* plaintiff's action without prejudice for failure to prosecute where the defendant moved to dismiss under Rules 12(b)(1) and 12(b)(6), and the plaintiff did not respond to the motion to dismiss).

Accordingly, the undersigned respectfully recommends that the Court deny Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) as moot in light of the above recommendation of dismissal for failure to prosecute. *See Alexander*, 2026 WL 2198668, at *10; *see also Moolenaar v. Knapp*, No. 24-CV-8636 (NRM) (TAM), 2026 WL 1535067, at *5 (E.D.N.Y. June 1, 2026) ("[F]ollowing continued silence from Plaintiff[,] the Court dismissed the case for failure to prosecute and dismissed Defendants' motions as moot."); *Lewis v. Experian Info. Sols., Inc.*, No. 23-CV-857 (AMD) (LKE), 2024 WL 4593424, at *3 (E.D.N.Y. Oct. 28, 2024) (denying motion to dismiss as moot, as "the Court dismisses the plaintiff's claims for failure to prosecute without prejudice to refile"); *Cuevas v. Ulmer*, No. 19-CV-4285 (EK) (JRC), 2022 WL 4662169, at *1 (E.D.N.Y. Sep. 30, 2022) (dismissing case due to the plaintiff's failure to prosecute and noting that "Defendants' pending motion to dismiss . . . is denied as moot").

## V. <u>Conclusion</u>

For the foregoing reasons, the undersigned respectfully recommends that the Defendants' motion to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41(b) at Dkt. No. 24 be granted in part and that this action be dismissed without prejudice. The undersigned also respectfully recommends that Defendants' motion to dismiss at Dkt. No. 8 be denied as moot.

A copy of this Report and Recommendation is being electronically served on the Defendants' counsel. Defendants shall serve a copy of this Report and Recommendation on Plaintiff via overnight mail and e-mail at the following address:

Angelica June Martinez
1507 Zerega Avenue

Bronx, NY 10462
Email: Marti88999@gmail.com

Defendants shall file proof of service by September 8, 2026.

Any objections to this Report and Recommendation must be filed within fourteen (14) days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Reyes. The "failure to object timely to a [magistrate judge]'s report operates as a waiver of any further judicial review of the [magistrate judge]'s decision." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (quoting *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d. Cir. 1989)).

Dated: Brooklyn, New York
September 4, 2026

**SO ORDERED.**

*/s/ Joseph A. Marutollo*
JOSEPH A. MARUTOLLO
United States Magistrate Judge